Costs adjudged against appellees.

**Gene D. LEE, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 27, 1977.

Certiorari Denied by Supreme Court Jan. 16, 1978.

Charles S. Kelly, Dyersburg, for appellant.

Brooks McLemore, Jr., Atty. Gen., Henry E. Hildebrand, III, Asst. Atty. Gen., Nashville, Michael W. Whitaker, Dist. Atty. Gen., Preston Parks, Asst. Dist. Atty. Gen., Somerville, for appellee.

## OPINION

DWYER, Presiding Judge.

From a conviction for committing the offense of burglary in the second degree, T.C.A. 39–903, with punishment of confinement for not less than three nor more than six years, the appellant advances two assignments of error on this appeal in the nature of a writ of error.

The assignments: The trial court erred in overruling appellant's motion to suppress his inculpating statements. The evidence without the statements is insufficient for lack of corroborative proof of the State's witness-accomplice.

The evidence: Mr. Rhea's home in Fayette County was burglarized during the daylight hours of July 13, 1976. Property of Mr. Rhea consisting mainly of guns and merchandise in the amount of $6,500 was removed from his home.

A co-defendant by the name of Melvin White testifying for the State admitted burglarizing the home along with the appellant and another person and that guns were removed and divided between him, the appellant and the third party.

The State introduced oral statements of appellant in which he admitted being with White and a Wayne Godair on the day of the burglary and his driving them to Mr. Rhea's house, but that he did not enter the home.

The appellant did not testify and offered no proof.

The appellant urges that his oral admissions should not have been submitted to the jury.

The trial court had a jury-out hearing on the competency of the admissions. The investigating officers testifying maintained that the appellant was fully advised of his constitutional rights and signed a form acknowledging a waiver of his rights. The officer also stated that the appellant asked to call his attorney some forty-five minutes after appellant was in his office and was allowed to do so. He further testified that defendant was advised he could cease answering questions at any time and could go back to his cell.

The appellant testifying related that he was advised of his rights but contended that one of the officers promised him a low bond if he answered his questions and also that he was questioned extensively after he requested to call his attorney.

The record is rather clear *that after initially waiving his right to counsel,* a request was made by appellant to call his attorney and that he was allowed to do so, but his attorney was out of his office at that time.

■ By overruling the motion to suppress, the trial court implicitly found that the questioning of and the detrimental answers by the appellant to be competent and not astride *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We are obliged under settled law to adhere to this ruling, *Braziel v. State,* Tenn. Cr.App., 529 S.W.2d 501, 506 (1975), unless the evidence preponderates against it.

The State urges that the incriminating statements were given freely and voluntarily before the request to call an attorney was made by the appellant. In other words, the request for an attorney was subsequent to the incriminating statements. The only flaw in this argument is that there was *no evidence* before the trial court at the hearing to sustain this argument. In short, when appellant asked to call the attorney and when he gave the incriminating statements cannot be determined from our review. While we readily agree that free and voluntary statements (*Miranda*) made before a request for an attorney may be competent, *United States v. Marchildon,* 519 F.2d 337 (8th Cir., 1975), as urged by the State; this record is woefully lacking as to when the agreed upon request for assistance of counsel was made.

■ We start with the maxim nemo tenetur seipsum accusare as guaranteed by the Fifth Amendment to the Federal Constitution and as guaranteed in Article 1, § 9 of our State Constitution. As discussed in *Mays v. State,* Tenn.Cr.App., 495 S.W.2d 833, 836 (1972), this waiver, as alleged here, of counsel must be clearly and convincingly shown. The right to assistance of counsel as guaranteed by both constitutions is unarguably a right to have counsel present during statements taken in incommunicado police surroundings unless waived.

■ When, as here, a waiver of that right is claimed or the right not exercised until after incriminating statements are made, the State has a heavy burden to show that such a waiver was freely, voluntarily and knowingly exercised. Courts should indulge every reasonable presumption against waiver of fundamental constitutional rights. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ While we adhere to *Braziel v. State,* supra, and in no wise wish to undermine its holdings, we simply do not agree that the evidence here supports the trial court's ruling that the request for counsel, which terminated appellant's signed waiver, was subsequent to the incriminating statements. In other words, with the record replete with testimony from both sides that appellant requested counsel, and attempted to contact his attorney, the evidence must then *clearly* reflect that the statements were given prior to the request for counsel and that the continuation of the questioning was not contrary to *Miranda v. Arizona,* supra:

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained. A statement we made in *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), is applicable here:

'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

"See also *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Moreover, where in-custody interrogation is involved, there is no room for the contention that the privilege is waived if the individual answers some questions or gives some information on his own prior to invoking his right to remain silent when interrogated." 86 S.Ct. at 1628.

The clear mandate of *Miranda* is: "If the individual states that he wants an attorney, the interrogation must *cease* until an attorney is present." 86 S.Ct. at 1628. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police they must respect his decision to remain silent.

We hold that in this record the evidence does not *clearly* support the waiver of counsel by the appellant antecedent to the incriminating admissions. We sustain the assignment.

The evidence assignment: In view of our holding that the trial court erred in not suppressing the statements, the uncorroborated testimony of the accomplice is not sufficient evidence to sustain the verdict.

The judgment of the trial court is reversed. The case is remanded for a new trial.

WALKER and TATUM, JJ., concur.